UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KRISTINE D. KELLER,<br><br>    Plaintiff,<br><br>    v.<br><br>KIMBERLY ANN KELLER<br><br>    Defendant. | Case No. 1:18-cv-00308-DCN<br><br>**SUCCESSIVE REVIEW ORDER** |

## I. INTRODUCTION AND BACKGROUND

On August 3, 2018, the Court issued its initial review order in this case. Dkt. 5. In that order, the Court denied Kristine D. Keller's Application for Leave to Proceed In Forma Pauperis. *Id.* at 2. The Court also determined, however, that Keller's Complaint was deficient and must be dismissed. *Id.* at 3–5. The Court gave Keller sixty (60) days in which to file an amended complaint and cure the deficiencies identified in its order. *Id.* at 6.

Over the next ten months, the Court granted numerous extensions for Keller to file an amended complaint. Eventually, on November 15, 2019, Keller filed her Amended Complaint. Based on the following, the Court, having conducted a subsequent review of the Amended Complaint, determines that Keller has satisfied the requirements of 28 U.S.C. § 1915(e)(2) and may proceed with this action.

# II. ANALYSIS

In Keller's Amended Complaint, she alleges that this Court has diversity jurisdiction as she is a resident of Montana and the sole defendant, her sister Kimberly Ann Keller ("Kimberly"), is a defendant of Washington. She also alleges that this action involves her late-father's estate, which includes property located in Idaho that was sold for $375,000, and thus she believes the amount in controversy requirement for diversity jurisdiction is met.

As to the facts of her case, Keller alleges that her Father, Richard J. Keller ("Richard"), lived in Idaho. Keller states that he suffered from congestive heart failure, dementia, and other physical ailments later in his life. During this time, Keller believes that Richard's eldest child and caregiver, Kimberly, improperly influenced and took advantage of Richard, as evidenced by Richard transferring family resources to Kimberly before his death.

**A. Personal Jurisdiction**

Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). To avoid dismissal of a complaint, a plaintiff must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987).

"A court may exercise either general or specific jurisdiction over a nonresidential defendant." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). If a nonresidential

defendant's activities in the forum state are substantial or continuous and systematic, general jurisdiction applies, even when the activities are unrelated to the cause of action. *Id.* If such activities do not rise to the level of "substantial" or "continuous and systematic," specific jurisdiction may be appropriate if the nonresidential defendant "has sufficient contacts with the forum state in relation to the cause of action." *Id.*

As alleged, Kimberly acted as Richard's caregiver for some time before he passed away. Also, Kimberly received real estate located in Coeur d'Alene, Idaho. As such, the primary acts that give rise to Keller's cause of action took place in Idaho, and Kimberly stands to benefit from land she allegedly wrongfully obtained in Idaho. Thus, Keller has sufficiently alleged that this Court has personal jurisdiction over Kimberly.

**B. Subject Matter Jurisdiction**

In order to exercise subject matter jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. In the Ninth Circuit, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal" *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015) (internal quotations omitted). Here, Keller has properly alleged subject matter jurisdiction. Keller claims to be a citizen of Montana, whereas she states that Kimberly is a citizen of Washington. Further, Keller claims that the sale of the property located in Idaho was in excess of $375,000 and that she has lost approximately $200,000 due to Kimberly's alleged undue influence. Thus, Keller has sufficiently pled subject matter jurisdiction.

## C. Venue

Generally, venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. Here, Keller alleges that a substantial part of the events or omissions that give rise to her claim—Kimberly's improper influence over Richard—took place in Idaho. Thus, Kimberly has sufficiently pled that this is the proper venue for this action.

## D. Probate Exception

In a previous decision, this Court noted its concern with Keller's claims and the probate exception. Generally, under the probate exception federal courts may not "(1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court." *Goncalves By & Through Gonclaves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1252 (9th Cir. 2017) (internal quotations omitted).

Here, Keller states that there was no probate of Richard's will. Instead, she is challenging the transfers and gifts Richard made to Kimberly before he died. However, the three causes of action Keller alleges—undue influence, lack of competency, and lack of capacity—are typically what is alleged to annul a will. At this point, it is necessary to construe Keller's Amended Complaint liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th

Cir. 2000) ("[C]ourts must construe pro se pleadings liberally."). The Court will allow Keller to proceed with her Amended Complaint insofar as it does not seek to annul Richard's will, similar to a claim for tortious interference. *See Marshall v. Marshall*, 547 U.S. 293, 314 (2006) ("Under our federal system, Texas cannot render its probate courts exclusive competent to entertain a claim of [tortious interference]. We therefore hold that the District Court properly asserted jurisdiction over [such a claim].").

**E. Scope of this Decision**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must screen the complaints of litigants who seek in forma pauperis status. After completing a subsequent review, the Court determines that Keller may proceed with her Amended Complaint. This decision, though, does not protect Keller from potential attacks regarding the substance contained herein. In other words, the Court's screening and approval of the Amended Complaint does not prevent Kimberly from bringing a motion to dismiss based on, for example, lack of jurisdiction. This decision simply recognizes that Keller has met the very low threshold required by § 1915 and that she may commence in serving her Amended Complaint on Kimberly pursuant to Federal Rule of Civil Procedure 4.

### III. CONCLUSION

In Keller's Amended Complaint, she has sufficiently addressed the Court's initial concerns when it originally screened her Complaint. *See* Dkt. 5. As such, she may proceed with service of her Amended Complaint.

# IV. ORDER

**IT IS HEREBY ORDERED THAT:**

1. Keller may proceed with service of the Summons of her Complaint in accordance with applicable procedures.[1]

DATED: February 3, 2020

David C. Nye
Chief U.S. District Court Judge

---

[1] The Court advises Keller that she is subject to the same rules of procedure as parties represented by counsel. *See United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984). Keller may obtain additional information about how to proceed as a self-represented party, as well as copies of the Federal Rules of Civil Procedure and the District of Idaho Local Civil Rules, on the Court's website: http://www.id.uscourts.gov/district/forms_fees_rules/Civil_Rules.cfm.