UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

KRISTINE D. KELLER,

Plaintiff,

v.

KIMBERLEY ANN KELLER,

Defendant.

Case No. 1:18-cv-00308-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Pending before the Court is Defendant Kimberley Keller's Motion to Dismiss (Dkt. 28). Having reviewed the record, the Court finds the parties have adequately presented the facts and legal arguments in their briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court decides the pending motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons stated below, the Court DENIES the Motion to Dismiss.

## II. BACKGROUND

*1. Factual background*[1]

Plaintiff Kristine D. Keller ("Kristine") and Defendant Kimberley A. Keller

[1] The following facts are taken from the Amended Complaint (Dkt. 11) and are accepted as true for purposes of the instant Motion. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

("Kimberley") are half-sisters who share the same father, Richard J. Keller ("Richard"). Kristine alleges that Richard suffered from congestive heart failure, dementia, and other physical ailments near the end of his life. During this time, Kristine contends Kimberley, Richard's eldest child and caregiver, improperly influenced and took advantage of Richard. Kristine maintains Kimberley ultimately convinced Richard to transfer title of a real property Richard owned in Coeur d'Alene, Idaho, to Richard and Kimberley as joint owners with the right of survivorship. The transfer was made via Quit Claim Deed, which was recorded in Kootenai County, Idaho, on May 21, 2014. The Coeur d'Alene property is legally described in the Quit Claim Deed as "Lot 3, and the West five feet (5') of Lot 4, Block 32, of the city of Coeur d'Alene, in KING'S ADDITION according to the corrected plat recorded in Book "C" of Deeds, page 144, records of Kootenai County, State of Idaho" (hereinafter "CDA Property"). Kristine included a copy of the Quit Claim Deed for the CDA Property with her Amended Complaint. Dkt. 11, at 4.[2]

Although short on detail, Kristine's Complaint alleges:

> The age and physical and mental condition of Richard, the providence [of] the transaction, absence of making it known, distress of Richard (recent hospitalization), the extent of the transfer in relation to his whole worth (almost the entirety), failure to provide for all of his children in case of a transfer to one of them, reported active solicitations and persuasions by the other party, and the relationship of the parties, are factors which reasonably infer undue influence. In so excluding his other child, Richard went against all preceding statements and values providing equity.

Dkt. 11, at 2.

[2] Page citations are to the ECF-generated page number.

Richard passed away on July 9, 2015.[3] Although Kristine does not clarify precisely when she learned about Kimberley's purported undue influence, Kristine alleges "the weekend preceding their Father's death, Kimberley stated to her half-sister (Kristine) her reason for deserving of all of the family resources was owing to her four descendants. She also stated lack of a maternal figure, as a reason, accusing her half-sister of being better off, somehow, for having an additional living parent." *Id.* at 2.

*2. Procedural Background*

Kristine initially filed this suit in 2018. Because she is pro se and initially sought to proceed in forma pauperis, the Court screened Kristine's Complaint pursuant to 28 U.S.C. § 1915(e)(2). Dkt. 5. On October 19, 2018, the Court denied Kristine's in forma pauperis request, and also dismissed Kristine's initial Complaint without prejudice, finding it did not include facts sufficient to show a plausible claim for relief. *Id.* The Court also explained that it lacked subject matter jurisdiction over the dispute to the extent Kristine sought to annul Richard's Last Will and Testament, or to recover property in the custody of the probate court. *Id.* , at 4–5 (outlining the probate exception to federal jurisdiction). In addition, the Court held Kristine had not provided any basis to support the notion that Idaho was the proper venue for the case. The Court granted Kristine leave to file an amended complaint within sixty days of the Court's October 19, 2018 order.

More than a year later, Kristine had not filed an amended complaint. Nevertheless,

[3] Kristine included a copy of an Affidavit of Death for Richard with her Amended Complaint. The Affidavit of Death was signed by Kimberley, and recorded in Kootenai County on March 25, 2016, at the request of First American Title Company. Dkt. 11, at 5.

the Court granted Kristine several extensions, and she ultimately filed the instant Amended Complaint on November 15, 2019. Dkt. 11.

The Court conducted a successive review of the Amended Complaint and found: (1) the Amended Complaint adequately alleged a claim for undue influence; (2) venue is appropriate in Idaho because the CDA Property is located in Idaho; and (3) the Court has subject matter jurisdiction to the extent Kristine does not seek estate assets.[4] Dkt. 12. In so holding, the Court cautioned its decision did "not protect [Kristine] from potential attacks regarding the substance" of her Amended Complaint. *Id.* at 5. Instead, the Court found Kristine had "met the very low threshold required by § 1915" and could proceed with serving her Amended Complaint upon Kimberley. *Id.*

Following the Court's February 3, 2020 Successive Review Order, nine months passed without any filings. On November 17, 2020, the Court gave Kristine notice that her case would be dismissed for lack of service if she did not file proof of service within fourteen days. Dkt. 13. After the Court granted Kristine an additional continuance, the Clerk of the Court mailed Kimberley the Amended Complaint on January 27, 2021. Dkt. 17. Kimberley waived Service of Summons on February 8, 2021. Dkt. 18.

Kimberley, who is also proceeding pro se, answered the Amended Complaint on March 29, 2021. Kimberley included a copy of Richard's May 21, 2014 Last Will and Testament ("Richard's Will"), and various other documents, with her Answer. Dkt. 19, at

[4] The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Kristine and Kimberley are residents of different states and Kristine alleges the amount in controversy is approximately $200,000.00. Dkt. 11, at 2.

5–25. After filing her answer, Kimberley filed the instant Motion to Dismiss. Dkt. 28.

The Motion has been fully briefed and is ripe for the Court's review.

## III. LEGAL STANDARD

When the pleadings have closed, but within such time as not to delay trial, any party may move for a judgment on the pleadings. Fed. R. Civ. P. 12(c). The Court construes Kimberley's Motion to Dismiss as a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure ("Rule") 12(c) because Kimberley had already answered Kristine's Complaint, and the pleadings had thus closed, when the Motion to Dismiss (hereinafter "Kimberley's Motion") was filed. *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) (explaining courts may simply convert a motion to dismiss into a motion for judgment on the pleadings under Rule 12(c) if it is filed after the moving party has already answered).

Rule 12(c) is substantially identical to Rule 12(b), as both permit challenges to the legal sufficiency of the opposing party's pleading. *Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002); *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing [and] the motions are functionally identical[.]").

Like a dismissal pursuant to Rule 12(b)(6), judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir.1989); *Enron Oil Trading & Transp. Co. v. Wallbrook*

*Ins. Co., Ltd.*, 132 F. 3d 526, 529 (9th Cir. 1997) ("A district court will render a 'judgment on the pleadings when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law") (cleaned up)).

A defendant is not entitled to judgment on the pleadings if the complaint raises issue of fact which, if proved, would allow the plaintiff to recover. *Gen. Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir.1989). In resolving Kimberley's Motion, the Court must: (1) construe the complaint in the light most favorable to Kristine; (2) accept all well-pleaded factual allegations as true; and (3) determine whether Kristine can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 337–38 (9th Cir.1996).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) or Rule 12(c) motion, the pleading "does not need detailed factual allegations," however, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but does require more than a sheer possibility that a defendant acted unlawfully. *Id.*

As with motions to dismiss, if a court grants a motion for judgment on the pleadings, leave to amend should be granted unless "the Court is satisfied that an amendment could not cure the deficiency." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012).

## III. ANALYSIS

*1. Evidence considered*

Before turning to the substance of the Motion to Dismiss, the Court first outlines the material it may appropriately consider at this stage of the proceedings. A court must normally convert a Rule 12(c) motion into a Rule 56 motion for summary judgment if the court assesses evidence outside of the pleadings. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56). If a court converts a motion to dismiss or motion for judgment on the pleadings into a motion for summary judgment, "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

However, "[a] court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) ("[W]hen the plaintiff fails to introduce a pertinent document as part of his pleading, the defendant may introduce the exhibit as part of his motion attacking the pleading,"), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (cleaned up).

The Court will consider the May 21, 2014 Quit Claim Deed for the CDA Property ("Quit Claim Deed") and the March 8, 2016 Affidavit of Death for Richard ("Affidavit of Death") because copies of both documents were included as exhibits to Kristine's Amended Complaint.[5] *Qwest Commc'ns Corp.*, 208 F.R.D. at 291 (noting "materials properly attached to a complaint as exhibits may be considered" on a motion for judgment on the pleadings).

However, both parties have also filed evidence for the Court's consideration that is outside of the pleadings and cannot be considered at this stage of the proceedings. Specifically, Kimberley submitted a copy of Richard's Will, his signed Bank Account Agreement adding Kimberley to his account on March 26, 2014, a declaration from Richard's estate attorney, and a letter from a close family friend. Kimberley implies each of these exhibits illustrate that Richard was of sound mind when he decided to deed the CDA Property to Kimberley and to change his will to disinherit Kristine. In turn, with her Response to Kimberley's Motion, Kristine submitted various 2014 correspondence regarding Richard.

Although neither party objected to the other's submission of such material, it is outside of the pleadings and cannot be considered unless the Court converts Kimberley's Motion into a Motion for Summary Judgment. In order to convert the Motion to Dismiss into a Motion for Summary Judgment, the Court would need to provide Kristine with notice

[5] The Quit Claim Deed and Affidavit of Death are also subject to judicial notice because they were recorded in Kootenai County, Idaho, and are thus "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting Fed. R. Evid. 201).

of the conversion and an opportunity to respond. *Portland Retail Druggists Ass'n. v. Kaiser Found. Health Plan,* 662 F.2d 641, 645 (9th Cir. 1981). However, because the discovery period has not yet closed and Kristine may not have yet had the opportunity to fully develop her case, the Court will not convert Kimberley's Motion into a Motion for Summary Judgment, and will instead consider only the Quit Claim Deed and the Affidavit of Death in issuing its decision. *Id.* ("Implicit in the 'opportunity to respond' is the requirement that sufficient time be afforded for discovery necessary to develop 'facts essential to justify [a party's] motion.'") (quoting Fed. R. Civ. P. 56).

2. *Merits of the Motion*

a. <u>Statute of Limitations</u>

"When an affirmative defense is obvious on the face of a complaint . . . a defendant can raise that defense in a motion to dismiss." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013); *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co*., 931 F.3d 966, 973 (9th Cir. 2019) ("[D]ismissal based on an affirmative defense is permitted when *the complaint* establishes the defense") (emphasis in original) (citing *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013)). A complaint showing that the governing statute of limitations has run is the most common situation in which an affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss or judgment on the pleadings. *Rivera*, 735 F.3d at (citation omitted). Further, a District Court may raise the statute of limitations issue sua sponte where, as here, a movant

pleads the statute of limitations in its answer, thereby preserving the defense.[6] *Levald v. City of Palm Desert*, 998 F.2d 680, 686–87 (9th Cir. 1993). However, dismissal on this basis is only appropriate if it "appears beyond doubt that the plaintiff can prove no set of facts that would establish timeliness of the claim." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

In Idaho, the right to contest a deed on grounds of duress, fraud, or undue influence is subject to a three-year statute of limitation. *Jemmett v. McDonald*, 32 P.3d 669, 672 (Idaho 2001). An action for relief based on fraud or undue influence must be filed within three years of the aggrieved party's discovery of the facts constituting the fraud. Idaho Code § 5-218(4). "The statute of limitation does not begin to run against an action based upon fraud until the plaintiff in the exercise of proper diligence discovers the facts constituting fraud." *Jemmett*, 32 P.3d at 672 (citing *Ryan v. Old Veteran Mining Co*., 218 P. 381 (Idaho 1923)).

Here, the Quit Claim Deed was executed, and recorded in Kootenai County, on May 21, 2014. In her Amended Complaint, Kristine does not identify the specific date she learned about Kimberley's purported undue influence, but does contend Kimberley advised her, the week before Richard's July 9, 2015 death, that Kimberley was entitled to all of Richard's assets (which presumably included the CDA Property since it is the only property Kristine identifies in her Amended Complaint) because Richard was Kimberley's only

[6] *See* Dkt. 19, at 2.

living parent and because she had four children. Dkt. 11, at 2. Kimberley similarly alleges in her Answer that the Quit Claim Deed and Richard's Will were not hidden from Kristine, that they were mailed to Kristine in the spring of 2014, and that Kristine had over a year to discuss the disbursement of Richard's assets with him prior to his death on July 9, 2015. Such facts suggest that Kristine was aware of the Quit Claim Deed and changes to Richard's Will, at the earliest in the Spring of 2014, and at the latest the week before Richard passed away on July 9, 2015. Kristine did not file her initial Complaint until July 13, 2018, and her undue influence claim appears to be time-barred. Dkt. 1.

However, even though the Quit Claim Deed was recorded on May 21, 2014, and apparently mailed to Kristine soon thereafter, it is not clear from the pleadings when Kristine obtained knowledge of Kimberley's purported *undue influence over Richard* regarding the CDA Property. Accordingly, the Court cannot find the statute of limitations has run as a matter of law. *Davis v. Tuma*, 469 P.3d 598, 603 (Idaho 2020) ("[T]his Court has not held that the principle of 'record-as-notice' will establish discovery for purposes of the commencement of the statute of limitations in a fraud action.") (citation omitted). Where, as here, the discovery of the undue influence commences the statute of limitations, "the date of discovery is a fact question for the jury unless there is no evidence creating a question of fact." *Nerco Minerals Co. v. Morrison Knudsen Corp.*, 90 P.3d 894, 900 (Idaho 2004). "Actual knowledge of the fraud can be inferred if the aggrieved party could have discovered the fraud by reasonable diligence, although the Court will hesitate to infer such knowledge." *Id.* Given the uncertainty regarding the date when Kristine discovered Kimberley's purported undue influence, the Court cannot decide whether Kristine's claim

is time-barred on the current record.

b. Failure to State a Claim

Kimberley moves to dismiss largely because Kristine's claims lack factual basis. Specifically, Kimberley contends she was Richard's "Personal Representative" and only acted as requested by Richard. Dkt. 28, at 1. Kimberley describes in detail Richard's intentional decision to disinherit Kristine and to add Kimberley as a joint owner of the CDA Property. Kimberley explains Richard decided to omit the CDA Property and his bank accounts from his Will so they could be distributed to Kimberley without a will contest from Kristine. He did so, accordingly to Kimberley, because of actions Kristine took during an earlier probate of his brother's will. Kimberley explains Richard wanted to ensure Kimberley received his assets and that he made this decision "while he was still alive and of sound mind to do so." *Id.* at 2. Although Kimberley has presented evidence to support her contentions, on a motion for judgment on the pleadings, the Court cannot consider such evidence and must accept all allegations in Kristine's Amended Complaint as true.[7] *Elvig*, 375 F.3d at 955 ("At this stage of the proceedings, we accept as true all allegations in [plaintiff's] complaint and treat as false those allegations in the answer that contradict [plaintiff's] allegations.").

With this standard in mind, the Court addresses Kristine's single claim for relief.

i. Undue Influence

Undue influence is a type of "fraud or overreaching." *Quemada v. Arizmendez*, 288

[7] Of course, unsupported allegations will not suffice at the summary judgment or trial stage of the proceedings, and Kristine will have to present evidence to support her claims in order to prevail.

P.3d 826, 830 (Idaho 2012). The Idaho Supreme Court has identified four elements that must be alleged to support a claim that an instrument (such as the Quit Claim Deed) was the product of undue influence: (1) a person is subject to influence; (2) an opportunity to exert undue influence; (3) a disposition to exert undue influence; and (4) a result indicating undue influence. *Green v. Green*, 389 P.3d 961, 966 (Idaho 2017). Although there is no set order for evaluating the elements, all must be alleged in order to state a claim for undue influence. *Id*. (citing *Gmeiner v. Yacte*, 529 P.2d 57, 62–63 (Idaho 1979)).

Kristine alleges Richard was subject to influence because he was suffering from heart failure, dementia, and other ailments when Kimberley's alleged fraud occurred. Dkt. 11, at 2. She also alleges Kimberley had an opportunity to exert undue influence because she was Richard's caregiver, Richard was dependent upon her, and the two met weekly to discuss family estate matters after the death of Richard's brother. *Id.* Kristine contends Kimberley was inclined to exercise undue influence over Richard, and contends Kimberley's alleged statement regarding her entitlement to Richard's assets because he was her only living parent and because she had four children, "revealed motivation, and persuasive arguments likely told to [Richard]." *Id.* In addition, Kristine alleges an outside care provider observed Kimberley request Richard's signature on a transaction or series of transactions transferring Richard's assets to her. *Id.* Kristine also suggests the inter vivos transfers Richard made to Kimberley were "made at the urging of Kimberley, who stood to benefit from new dispositions, such items being excluded from probate, thereby rendering contestation of the will null and void and a method of recovery." *Id.* Further, Kristine maintains Richard had always previously stated he wanted to divide his property

equally and that the actions at the end of his life went against such statements. *Id.* Finally, Kristine alleges that, as a result of Kimberley's alleged undue influence, Kristine did not receive her share of the CDA Property or any of Richard's property or personal effects. *Id.*

In short, the Amended Complaint adequately alleges the elements of undue influence, and, although barebones, there are enough facts alleged to make Kristine's claim plausible. *Moss v. U.S. Secret Serv*., 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (cleaned up). At this juncture, such allegations are sufficient to withstand Kimberley's Motion because pro se complaints must be construed liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). While, on summary judgment, a party "must go beyond the pleadings and by its own evidence 'set forth specific facts showing that there is a genuine issue for trial,'" this case has not yet reached the summary judgment stage, and dismissal on the current record is inappropriate. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (quoting Fed. R. Civ. P. 56(e)); *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (explaining that on summary judgment, the nonmoving party must "identify with reasonable particularity the evidence that precludes summary judgment").[8]

[8] Although it understands the expense associated with hiring counsel, the Court strongly encourages (although certainly does not require) both parties to obtain, or at least consult, legal counsel in order to achieve fair representation of their respective positions moving forward.

## IV. CONCLUSION

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Spencer v. DHI Mortg. Co., Ltd.*, 642 F. Supp. 2d 1153, 1159 (E.D. Cal. 2009) (citations omitted). At this juncture, Kristine has plausibly alleged a claim for undue influence. Whether this claim will prevail—whether on summary judgment or at trial—is not something the Court can assess at this time.[9]

## V. ORDER

NOW, therefore, IT IS HEREBY ORDERED:

1. Kimberley's Motion to Dismiss (Dkt. 28) is **DENIED**.

DATED: December 1, 2021

UNITED STATES COURTS DISTRICT OF IDAHO

David C. Nye
Chief U.S. District Court Judge

[9] Both parties have requested a bench trial so if the case proceeds past summary judgment this factual determination will ultimately be made by the Court. Dkt. 11, at 1; Dkt. 19, at 1.