UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KRISTINE D. KELLER,<br><br>　　　Plaintiff,<br><br>v.<br><br>KIMBERLEY A. KELLER,<br><br>　　　Defendant. | Case No. 2:18-cv-00308-DCN<br><br>MEMORANDUM DECISION AND ORDER |

## I. INTRODUCTION

Pending before the Court is Plaintiff Kristine D. Keller's Motion to Continue (Dkt. 37). Having reviewed the record, the Court finds the parties have adequately presented the facts and legal arguments in their briefs. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Court decides the pending motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons stated below, the Court DENIES the Motion to Continue.

## II. BACKGROUND

### A. Factual background[1]

Plaintiff Kristine D. Keller ("Kristine") and Defendant Kimberley A. Keller ("Kimberley") share the same father, Richard J. Keller ("Richard"). Kristine alleges that

---

[1] Unless otherwise referenced, the following facts are taken from the Amended Complaint (Dkt. 11).

Richard suffered from congestive heart failure, dementia, and other physical ailments near the end of his life. During this time, Kristine contends Kimberley, Richard's eldest child and caregiver, improperly influenced and took advantage of him. In 2014, Richard disinherited Kristine by transferring various properties, including real property legally described as "Lot 3, and the West five feet (5') of Lot 4, Block 32, of the city of Coeur d'Alene, in KING'S ADDITION according to the corrected plat recorded in Book 'C' of Deeds, page 144, records of Kootenai County, State of Idaho" (hereinafter "CDA Property") to Kimberley, and by executing a Last Will and Testament leaving Kristine $1.00. Dkt. 11, at 4; Dkt. 28-1, at 8. Richard passed away on July 9, 2015. Dkt. 11, at 4.

### B. Procedural Background

Kristine filed this suit on July 13, 2018. Because she is *pro se* and initially filed an Application for Leave to Proceed *in forma pauperis* ("Application"), the Court screened Kristine's Complaint pursuant to 28 U.S.C. § 1915(e)(2). Dkt. 5. On October 19, 2018, the Court denied Kristine's Application and dismissed Kristine's Complaint without prejudice, finding it did not include sufficient facts to show a plausible claim for relief. *Id*. The Court also explained that it lacked subject matter jurisdiction over the dispute to the extent Kristine sought to annul Richard's Last Will and Testament, or to recover property in the custody of the probate court. *Id*. at 4–5 (outlining the probate exception to federal jurisdiction). In addition, the Court held Kristine had not provided any basis to support the notion that Idaho was the proper venue for the case. The Court granted Kristine leave to file an amended complaint within sixty days. *Id*. at 6.

Over the next ten months, the Court granted numerous extensions for Keller to file an Amended Complaint. Dkt. 7; Dkt. 9; Dkt. 10. Eventually, more than a year after the Court's Initial Review Order, Kristine filed an Amended Complaint on November 15, 2019.[2] Dkt. 11. The Court conducted a subsequent review of the Amended Complaint and found: (1) the Amended Complaint adequately alleged a claim for undue influence; (2) venue is appropriate in Idaho because a substantial part of the events or omissions that gave rise to Kristine's undue influence claim occurred in Idaho; and (3) the Court has subject matter jurisdiction to the extent Kristine does not seek estate assets.[3] *See generally* Dkt. 12. The Court ordered Kristine to proceed with service of her Amended Complaint. *Id*. at 5.

Following the Court's February 3, 2020 Successive Review Order, nine months passed without any filing. On November 17, 2020, the Court gave Kristine notice that her case would be dismissed pursuant to Federal Rule of Civil Procedure 4(m) if she did not file proof of service within fourteen days. Dkt. 13. After the Court granted Kristine an additional continuance, the Clerk of the Court mailed Kimberley the Amended Complaint on January 27, 2021. Dkt. 15; Dkt. 17. Kimberley waived Service of Summons on February 8, 2021. Dkt. 18.

---

[2] Kristine also paid the filing fee.

[3] The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Kristine and Kimberley are residents of different states and Kristine alleges the amount in controversy is approximately $200,000.00. Dkt. 11, at 2.

MEMORANDUM DECISION AND ORDER - 3

Kimberley, who is also proceeding *pro se*, answered the Amended Complaint on March 29, 2021. Dkt. 19. The Court entered a Scheduling Order on May 17, 2021. Dkt. 24. Kristine filed a Motion to Continue a month later (Dkt. 26), which the Court granted. Dkt. 29. On July 12, 2021, Kimberley filed a Motion to Dismiss.[4] Dkt. 28. On September 2, 2021, Kristine filed a Motion to Compel Discovery. Dkt. 33. The Court initially deemed the Motion to Compel improper because Kristine had not complied with the informal discovery process required under the District of Idaho's Local Civil Rule 37.1. Dkt. 34. However, after informally conferring with Kristine and Kimberley, the Court's law clerk ultimately advised the parties, on September 22, 2021, that Kristine could proceed with motion practice and refile her Motion to Compel. Kristine did not do so. In a subsequent informal communication with the Court's law clerk, Kristine noted she had sent a request for subpoenas to the Clerk's Office but had not heard anything back.[5] Kristine asked for assistance from the undersigned in securing a subpoena. The Court's law clerk advised Kristine to contact the Clerk's Office. Again, Kristine did not do so.

On September 29, 2021, the Court again continued the Scheduling Order deadlines—this time *sua sponte*—because Kimberley's Motion to Dismiss was still pending. The Court moved the deadline for the close of discovery to December 29, 2021. Dkt. 35. On November 9, 2021, Kristine contacted the Court's law clerk and explained that

---

[4] Kristine's Motion to Dismiss became ripe on August 20, 2021. Dkt. 31.

[5] Kristine sent her request for subpoenas via email to the Clerk's Office on March 12, 2021. Dkt. 37, at 3.

she had not refiled her Motion to Compel because she was suffering from health and other issues. The Court's law clerk advised Kristine to move for a continuance if she needed to extend deadlines. Although the Court's law clerk answered Kristine's multiple procedural follow-up questions, Kristine neither moved for a continuance nor refiled her Motion to Compel.

The Court denied Kimberley's Motion to Dismiss on December 1, 2021. Dkt. 36. Thereafter, both the December 29, 2021 deadline for the completion of discovery, and the January 31, 2022 deadline for dispositive motions, passed without a motion from either party. On February 7, 2022, The Court's law clerk contacted Kristine and Kimberley to schedule a bench trial.[6] Kristine subsequently contacted the Clerk's Office to inquire about the status of her request for subpoenas. Kristine contends the Clerk's Office advised her that her March 12, 2021 email must have been sent to a junk email folder. Dkt. 37, at 3. On February 22, 2022, Kristine filed the instant Motion to Continue. *Id.* The Motion has been fully briefed and is ripe for the Court's review.

### III. LEGAL STANDARD

Case schedules may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)(4)'s "good cause" standard primarily considers the diligence of the party seeking amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A party demonstrates good cause for the

---

[6] Neither Kristine nor Kimberley requested a jury trial. Dkt. 11; Dkt. 19.

modification of a scheduling order by showing that, even with the exercise of due diligence, s/he was unable to meet the timetable set forth in the pretrial scheduling order. *Id*.; 6A Wright, Miller & Kane, Federal Practice and Proc. § 1522.2, at 231 (2d ed. 1990) (explaining "good cause" means scheduling deadlines cannot be met despite a party's diligence).

"Although the existence or degree of prejudice to the party opposing modification might supply additional reasons to deny the motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id*.

## IV. ANALYSIS

### A. The Parties' Positions

Kristine requests a continuance based on her inability to name an expert or obtain discovery, and because her disability and health condition prevented her from complying with case deadlines.[7] With respect to the former contention, Kristine argues that although she engaged American Medical Experts ("AME") to prepare an expert witness report, she could not retain a specific individual from AME to prepare the report without Richard's medical records, which she requested during discovery, but never received from Kimberley. In addition, because she was waiting for the Court's decision on the Motion to

---

[7] Kristine disclosed her disability and physical health condition, and also submitted documentation from her health care providers, *ex parte*. Dkt. 37-1. Because Kristine would like to keep such information confidential, and particularly does not want such information disclosed to Kimberley, the Court will address Kristine's disability and health condition generally, without including details.

Dismiss, Kristine explains she did not engage AME since doing so would require a payment of $695. Kristine notes:

> Plaintiff requests continuance to be able to properly utilize an expert witness as having not received a ruling of denial of Motion to Dismiss until December and so having inadequate time to file Motion to Compel, receive production of discovery from Defendant, and transfer this to AME to therefore name [an] individual [expert]."

Dkt. 37, at 3.

Finally, Kristine highlights that she sent a request for subpoenas to the Clerk's Office on March 12, 2021, but that the subpoenas were "never actioned on." *Id*. On February 7, 2022—nearly one year after she originally sent the subpoenas—Kristine called the Clerk's Office and ultimately learned that there was no record of her March 12, 2021 email, and that it must have been sent to a junk email folder. *Id*. Kristine contends she "forgot or didn't realize administrative forms to clerks also go in paper mail." *Id*.

Kimberley opposes the continuance. Dkt. 38. In her Response, Kimberley contends she produced all documents in her possession that Kristine requested in discovery. Kimberley also notes that Kristine had more than a year between when Richard changed his will in 2014, and his death in 2015, to address the change with him, but that Kristine did not do so.

In her Reply brief, Kristine counters that the brevity of Kimberley's response underscores Kimberley's failure to gather and produce discovery. Kristine also notes that

she did in fact approach Richard in October 2014 to discuss her concerns regarding the changes to his will.[8]

### B. Discussion

The procedural history recounted above illustrates Kristine's lack of diligence throughout this case. For instance, when the Court ordered Kristine to file an Amended Complaint within sixty days, she did not do so for over a year. *Compare* Dkt. 5 *with* Dkt. 11. Kristine requested, and received, multiple continuances during this time period. Dkt. 7; Dkt. 9; Dkt. 10. After the Court screened Kristine's Amended Complaint and ordered her to proceed with service, Kristine did not file anything with the Court—or serve the Amended Complaint—for another nine months. On November 17, 2020, the Court gave Kristine notice that her case would be dismissed for lack of service if she did not file a proof of service within fourteen days. Dkt. 13. Even then—more than two years after she initially filed her original Complaint—Kristine requested, and received, another continuance to accomplish service. Dkt. 15. Once Kimberley answered Kristine's Amended Complaint, Kristine sought, and again received, a fifth continuance—this time of the deadlines to disclose her expert witness and amend her pleadings. Dkt. 26; Dkt. 29. The Court also extended the Scheduling Order's deadlines *sua sponte* when Kimberley's Motion to Dismiss was not immediately decided. Dkt. 35.

---

[8] It is unclear from Kristine's filing how Richard responded during this encounter.

Despite filing her original Complaint nearly four years ago, Kristine has not officially hired or disclosed an expert, moved to compel fact discovery in compliance with District of Idaho Local Civil Rule 37.1, completed fact or expert discovery, or filed a dispositive motion. Notably, Kristine's repeated successful requests for continuances every other time she sought an extension of time demonstrate that she was well aware of how to obtain a continuance. When Kristine first informally raised the issue of her disability and health condition on November 9, 2021, the Court's law clerk also expressly told Kristine she could file a motion to continue if she needed to extend the remaining case deadlines. The Court's law clerk also advised Kristine that she should file a motion to continue if she needed to extend deadlines even though Kristine's Motion to Dismiss was pending at the time. Yet, Kristine did not file such motion until two months after all case deadlines had already expired, and only after the Court's law clerk attempted to schedule trial.

Kristine's complaint about her inability to obtain subpoenas similarly fails to establish good cause. As noted, Kristine requested subpoenas from the Clerk's Office via email on March 12, 2021. Despite not hearing back from the Clerk's Office, or obtaining any subpoenas, for nearly a year, Kristine failed to call the Clerk's Office—or to otherwise inquire as to the status of her request—until February 7, 2022, and only after all case deadlines had already expired. Moreover, on September 22, 2021, when Kristine requested assistance from the undersigned in obtaining subpoenas because she had not heard back from the Clerk's Office regarding her March 12, 2021 request, the Court's Law Clerk told

Kristine she needed to contact the Clerk's Office. Kristine did not do so for more than four months, and, again, only after all case deadlines had already expired.

As with her complaints about discovery and hiring an expert witness, Kristine does not take responsibility for her own inaction. Ultimately, Kristine's carelessness in following through with requesting another continuance, refiling her motion to compel, or obtaining subpoenas, warrants denying her sixth motion to continue. *Johnson*, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief") (citation omitted).

Nor do the additional reasons identified in Kristine's Motion to Continue establish good cause. Kristine's disability did not prevent her for requesting, and receiving, multiple continuances throughout the history of this case. The Court has been exceedingly patient, and it may have granted yet another continuance based on Kristine's new health condition if one had been requested prior to the expiration of all case deadlines. That a continuance was not requested until two months *after* all of the case deadlines had already passed again underscores that Kristine has not been diligent.

In short, Kristine's Motion to Continue does not establish good cause in light of (1) her lack of diligence and (2) her understanding, given the express guidance from Chambers, that a motion to continue was required in order to extend remaining deadlines. The Court understands Kristine is *pro se* and has bent over backwards to afford her multiple continuances and to answer her procedural questions. However, the Court can only do so much to assist litigants, and any further extensions at this stage of the litigation would

prejudice Kimberley and undermine the Court's "ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and cavalier." *Id.* at 610. Rule 16 was drafted to prevent this situation. *Id.*

## V. CONCLUSION

In sum, the diligence factor—the "touchstone for deciding whether a [continuance] request should be granted"—illustrates Kristine has not established good cause for a continuance. *Lacy v. Am. Biltrite, Inc.*, 2012 WL 909309, at *3 (S.D. Cal. March 16, 2012); *see also Johnson*, 975 F.2d at 610. The prejudice to both the Court and to Kimberley in reopening the Scheduling Order and essentially beginning this case anew also warrants denying Kristine's Motion to Continue.

## VI. ORDER

Now, therefore, **IT IS HEREBY ORDERED**:

1. Kristine's Motion to Continue (Dkt. 37) is **DENIED**;

2. A two-day bench trial will be held on November 29–30, 2022, in the Coeur d'Alene Federal Courthouse[9];

3. The Court will enter a separate order outlining the procedures for trial and the dates for pretrial submissions.



DATED: June 24, 2022

David C. Nye
Chief U.S. District Court Judge

---

[9] The bench trial may not take two full days, or even one full day; the Court nevertheless reserves two full days to ensure both parties have adequate time to present their respective positions at trial.